EL PUEBLO, DEMANDANTE Y APELANTE, *v.* CENTRAL EUREKA, INC., ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en un procedimiento de *quo warranto.*—Moción para desestimar la apelación.

No. 2722.—Resuelto en noviembre 12, 1923.

DESESTIMACIÓN POR FALTA DE ALEGATO—NEGLIGENCIA DEL APELANTE.—Para que un apelante pueda resistir con éxito una moción de desestimación por falta de alegato, es necesario que haya demostrado diligencia; y no la demuestra un apelante que había dejado expirar la séptima prórroga sin radicar su alegato y que tampoco lo había radicado el día que fué oída la moción de desestimación, a pesar de que desde que le fué negada la última prórroga pedida fuera de tiempo, hasta el día en que la moción fué oída, había transcurrido un total de 47 días. Bajo tales circunstancias la apelación debe desestimarse.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. J. Alemany Sosa* y *L. Feliú.*

Abogado de los apelados: *Sr. J. Sabater.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Este fué un procedimiento iniciado en junio 30, 1921, a instancia de un accionista de la minoría para probar la validez de ciertos alegados actos *ultra vires* de la corporación Central Eureka, y solicitar la cancelación de la carta constitutiva de dicha corporación. El caso fué llamado para vista en agosto del año 1921, en cuyo acto la corte de distrito concedió unos 20 o 30 días para radicar un alegato. Después de una consideración de los varios razonamientos y alegatos archivados, la corte, al emitir una minuciosa y razonada opinión, dictó sentencia contra el relator en marzo 4, 1922. En abril 4, 1922, se interpuso una apelación. Los autos fueron certificados a esta corte en abril 14, 1923. El día 17 de febrero, 1923, todos los abogados archivaron una estipulación por la que convenían en dar al apelante 30 días a partir de la fecha fijada por nuestras reglas para radicar

un alegato. En 19 de marzo, 1923, compareció el apelante ante esta corte y manifestó que necesitaría por lo menos 30 días más, término que le fué concedido. En 29 de marzo, 1923, los apelados solicitaron la desestimación del recurso toda vez que el alegato no fué radicado a su debido tiempo, pero esta corte desestimó la moción porque el término había sido prorrogado. En 19 de abril el apelante obtuvo otra prórroga de 30 días, y otras en los meses de mayo, junio y julio. En el mes de agosto el apelante hizo otra solicitud de prórroga, esta vez de 20 días, y esta corte le concedió 20 días a partir de agosto 23. Este término vencía en septiembre 12, 1923. En 19 de septiembre el apelante hizo otra solicitud de prórroga que la corte negó toda vez que el término había vencido, y en su resolución añadió la cláusula corriente "sin perjuicio de los derechos que puedan asistir a las partes." Esta cláusula quiere decir que si el apelante archiva su alegato antes de radicada una moción de desestimación, dicha moción no será considerada.

Asimismo, si un apelante demuestra diligencia y radica prontamente su alegato antes de ser oída la moción de desestimación, la corte generalmente ejercitará su discreción en permitir la radicación de dicho alegato.

En 2 de octubre, 1923, fué radicada en esta corte una moción para desestimar la apelación y notificada al apelante el mismo día. No se ha radicado ningún alegato.

El apelante ha formulado una contestación u "oposición" a la moción. En ella el apelante cita varios casos de carácter público y privado que le han tomado todo el tiempo a su abogado con evidente abandono de esta apelación. No podemos dudar de la buena fe del abogado del apelante y de que probablemente él tiene un gran cúmulo de trabajo profesional y ciertamente intentó radicar su alegato cuando hubiera despachado otros asuntos tal vez de más importancia. Los apelados, sin embargo, tienen derechos defini-

dos determinados en nuestras reglas que existen en casos como éste para poner límite a las apelaciones pendientes. La ocupación constante por un período de tiempo mayor de ocho meses no es excusa para dejar de radicar un alegato. Esta corte, tratándose de períodos cortos, tendrá en cuenta tal acumulación de trabajo, especialmente cuando hay un récord voluminoso como el de este caso. Sin embargo, si el abogado tiene un número de casos, todos los cuales demandan al mismo tiempo atención, él debe obtener ayuda. Tales asuntos son personales para el abogado y si se ha dejado transcurrir un período de tiempo indebido, no puede invocarse con éxito la discreción de este Tribunal.

La primera prórroga se hizo mediante estipulación, lo cual ya era cierta indicación de que los apelados urgían la celebración de la vista y también algo que representaba el tiempo que era necesario para la preparación. Verdaderamente que en las sucesivas mociones de prórrogas el abogado alega que tal término es necesario. Además, es evidente que podía ser preparado un alegato dentro de 30 días o menos. En este caso el abogado ha tenido ocho veces ese período de tiempo.

El abogado del apelante manifestó que las prórrogas generalmente eran de 30 días, pero que la última que se le concedió solamente fué de 20 y que por ello fué inducido a error aunque éste se debió a él mismo. Sin embargo, a partir del 19 de septiembre, fecha en que esta corte negó la prórroga por haber vencido el término, hasta el día 5 de noviembre, cuando este tribunal oyó la moción, o sea, dentro de un total de 47 días, no se hizo ninguna tentativa por radicar el alegato o siquiera los fundamentos de error en que descansaba el apelante.

Es importante observar también que el abogado ya había presentado un alegato a la corte inferior y debe presumirse que tiene más o menos listo el caso. Además, el caso

ha estado pendiente por dos años y es uno en que los negocios y derechos de una corporación activa podrían ser afectados dada la naturaleza del pleito, puesto que sus derechos para fabricar azúcar, sus derechos a adquirir acciones de otras corporaciones, y otros han sido atacados.

Debe desestimarse la apelación.

*Desestimada la apelación.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey, Hutchison y Franco Soto.